**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kevin and Nicole Foss, | ) | Civil Action No. 9:15-5065-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Boat-N-RV Megastore, Ridgeland, SC, and | ) | |
| Warlock Trailers, Inc., and Recreation | ) | |
| Unlimited, LLC, and Heritage Trust Federal | ) | |
| Credit Union, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Plaintiff's motion for leave to amend the complaint (Dkt. No. 11.) The Court grants the motion, directs the Clerk to file the proposed amended complaint (Dkt. No. 11-1) as the operative amended complaint in this action, and remands the case to the Jasper County Jasper County Court of Common Pleas.

Courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court finds cause under that generous standard to grant leave to amend the complaint for two reasons.

First, Plaintiff could have amended the complaint as a matter of right on or before January 29, 2016 (twenty-one days, plus three days for ECF service, after service of the first motion to dismiss). *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's motion to amend was filed on February 3, 2016, only three business days later.

Second, the originally-filed complaint pleads breach of express warranty under the U.C.C., breach of implied warranty under the U.C.C., breach of written warranty under the Magnuson-Moss Warranty Act, breach of implied warranties under the Magnuson-Moss Warranty Act, and a

South Carolina consumer protection cause of action. (Compl., Dkt. No. 1.) The proposed amended complaint replaces the two Magnuson-Moss Warranty Act causes of action with a cause of action for breach of contract and a cause of action for interference with a contractual relationship, arising from an alleged breach of an agreement settling warranty claims. (Proposed Am. Compl., Dkt. No. 11-1.) It also drops a prayer for treble damages. (*Id.*) The Court will not force Plaintiff to prosecute claims that he wishes to abandon (the Magnuson-Moss Warranty Act claims), and the Court finds no cause to refuse leave to add causes of action arising from the alleged breach of a warranty settlement contract to a complaint that already has causes of action for the alleged breach of the underlying warranty.

The Court is aware that the purpose of amending the complaint is to remand the case to state court. Plaintiffs apparently anticipate that in the third paragraph of the proposed amended complaint: "That this Court of Common Pleas of Jasper County has personal jurisdiction over the Defendants and venue is proper in that Court." Amending the complaint indeed is one proper avenue by which to remand an action. District Courts have an inherent authority to remand that is not derived from the removal statute, but rather from their authority to decline to exercise jurisdiction under 28 U.S.C. § 1367(c). *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615–17 (4th Cir. 2001) ("[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.").

Section 1367(c) permits district courts to decline jurisdiction if "all claims over which it has original jurisdiction" are dismissed. The proposed amended complaint, once filed, will voluntarily dismiss all claims over which this court has original jurisdiction. It asserts no claims giving rise to Federal question subject-matter jurisdiction, and there is not complete diversity

between the parties. The Court therefore has discretion to decline to exercise jurisdiction. *Hinson*, 239 F.3d at 617 (remand after claims providing Federal jurisdiction are resolved reviewed for abuse of discretion). The Court finds that it is a proper exercise of its discretion to decline to exercise jurisdiction over an action removed only five weeks ago, where there are no federal claims, where there is not complete diversity of the parties, and where discovery has not yet begun.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to amend the complaint (Dkt. No. 11), **DIRECTS** the Clerk to file the proposed amended complaint (Dkt. No. 11-1) as the Amended Complaint in this action, and **REMANDS** this case to the Jasper County Court of Common Pleas.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 5, 2016
Charleston, South Carolina

-3-